IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BEVERLY WEST                                                                                         PLAINTIFF

v.                                            Civil No. 3:22-CV-03026

CHARLES SCOTT JACKSON and                                                                DEFENDANTS
CIRCUIT COURT OF CARROLL
COUNTY, ARKANSAS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff proceeds in this matter *pro se* and seeks to proceed *in forma pauperis* pursuant to 42 U.S.C. § 1983.  (ECF No. 3).  Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP.  28 U.S.C. § 1915(e)(2).

### I.     BACKGROUND

Plaintiff filed her Complaint and an attached "Action for Trespass" on May 18, 2022.  (ECF No. 2).  Plaintiff brings her complaint in this case as a "sovereign citizen."  (ECF Nos. 2 at 4; 2-1).  She cites 18 U.S.C. § 242 as the basis for her federal question jurisdiction.  (ECF No. 2 at 3).

Plaintiff alleges that on April 29, 2022, Defendant Jackson "wrote a minute order not permitting Plaintiff to file further documents" without prior approval by the Administrative Clerk.  (ECF No. 2 at 4).  As a result, "the filing clerk took the papers and put them in an envelope in the record.  The other papers have not been added to the record." (*Id.*).  Plaintiff alleges this delayed

1

her case and denied her due process rights. (*Id*.). Plaintiff seeks declaratory and punitive damages. (*Id*. at 5). She does not indicate if she proceeds against Defendants in their official capacity, personal capacity, or both.

Plaintiff's claims arise from *West v. Estep*, Case No. 08ECV-20-104,[1] a state case in Carroll County, Arkansas. Review of the state court docket indicates that Carroll County Circuit Court Judge Charles Scott Jackson[2] entered an Order on April 29, 2022. The text of the Order is as follows:

> 1. Plaintiff signed and caused to be filed a purported court order on 4/28/2022.
> 2. The document was without judicial authority and is a nullity.
> 3. The circuit clerk's office shall remove the document from the public records and place in a sealed envelope.
> 4. The circuit clerk shall accept no further filings from plaintiff without court approval.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537,

---

[1] Plaintiff provided a case number of 08ECV-20-104 on her Complaint, but provides no other information concerning the case. Case information available at Arkansas Court Connect.
[2] Plaintiff identified Defendant Jackson as an "Administerial Servant" of Carroll County.

541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

Plaintiff's claims are frivolous and are subject to summary dismissal.

### A.   Circuit Judge Charles Scott Jackson

Judge Jackson, a Circuit Judge for the Nineteenth East Judicial District, is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and, (2) if the action, although judicial in nature, was taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the Complaint that neither situation applies here. Plaintiff's claims against Defendant Jackson are subject to dismissal.

### B.   Circuit Court of Carroll County, Arkansas

A Circuit Court is not a person or a legal entity subject to suit under § 1983. *See, e.g., Harris v. Missouri Ct. of Appeals, W. Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (A court is not a "person" within the meaning of the Civil Rights Act.). "Likewise, courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh

3

amendment." (*Id*.).  Plaintiff's claims against the Circuit Court of Carroll County, Arkansas are subject to dismissal.

### C.  18 U.S.C. § 242 Claim

18 U.S.C. § 242 defines a criminal offense.  There is no private cause of action under this statute.  *See, e.g., Rockefeller v. United States Court of Appeals Office, for Tenth Circuit Judges*, 248 F.Supp.2d 17 (D.D.C. 2003) (observing that 18 U.S.C. §§ 242 and 371 are criminal statutes and provide no private cause of action).  Plaintiff is, therefore, precluded from bringing any claims under this statute.

The Court takes judicial notice that this is the third time that Plaintiff has filed a Complaint under 18 U.S.C. § 242 in this District, and the second time she has done so against Judge Jackson.  The prior cases are *West v. Ramsey*, Case No. 3:19-cv-03054 and *West v. Jackson*, Case No. 3:19-cv-03062.  Both were dismissed as frivolous.

### IV.   CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 2) be DISMISSED WITHOUT PREJUDICE as frivolous and her Motion for IFP status (ECF No. 3) be DENIED.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of May 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE